SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No.  CR-07-0412-PR |
| | ) | |
| Respondent, | ) | Court of Appeals |
| | ) | Division One |
| v. | ) | No.  1 CA-CR 07-0041 PRPC |
| | ) | |
| | ) | Maricopa County |
| GARY DOUGLAS PEEK, | ) | Superior Court |
| | ) | No.  CR2002-093788 |
| | ) | |
| Petitioner. | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Maricopa County
The Honorable Bethany G. Hicks, Judge

**VACATED AND REMANDED**

_____

Order of the Court of Appeals, Division One
Filed Nov. 2, 2007

**ORDER VACATED**

_____

ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY                     Phoenix
     By   Diane Gunnels Rowley, Deputy County Attorney
          James P. Beene, Deputy County Attorney
Attorneys for State of Arizona

CHEIFETZ, IANNITELLI, MARCOLINI, P.C.                          Phoenix
     By   James J. Belanger

And

LEWIS AND ROCA, L.L.P.                                         Phoenix
     By   Scott M. Bennett
Attorneys for Gary Douglas Peek

_____

**B E R C H**, Vice Chief Justice

¶1     Gary Douglas Peek seeks review of a term of lifetime probation imposed upon his conviction for an act of attempted child molestation that occurred between 1994 and 1996. We conclude that lifetime probation was not available when Peek committed the crime and therefore vacate the trial court's order placing him on lifetime probation.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

¶2     In 2003, pursuant to a plea agreement, Petitioner Peek pled guilty to two counts of attempted child molestation that occurred between 1994 and 1996. In accordance with the plea agreement, the court sentenced Peek to ten years' incarceration for the first count and imposed lifetime probation on the second count.

¶3     In 2006, Peek sought relief from the imposition of lifetime probation on count two by filing a petition for post-conviction relief, which the trial court summarily denied. After the court of appeals denied review, Peek petitioned this Court for relief, arguing that lifetime probation was not authorized by statute when he committed his crimes. We granted review to address whether lifetime probation was available for conviction of attempted child molestation committed between 1994 and 1996. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution, Arizona Revised Statutes

- 2 -

("A.R.S.") section 13-4239 (2001), and Arizona Rule of Criminal Procedure 32.9.

## II. DISCUSSION

¶4    Peek's petition for post-conviction relief was untimely; his claim should have been raised in his "of right" petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.1, 32.4. The State nonetheless joins Peek in asking that we address the legal issue raised. Because the State has waived preclusion and this case presents a recurring legal issue of statewide importance on which trial courts have rendered conflicting opinions, we will address the merits of the petition. *See id.* 31.19(c)(3); *cf. id.* 32.2(c) (placing the burden on the State to plead and prove preclusion and affording the court discretion to raise preclusion sua sponte).

¶5    Peek argues that the court may not impose a sentence greater than that allowed by law at the time the offense was committed and that, when he committed his crime, the maximum allowable term of probation was five years. He therefore maintains that lifetime probation could not be ordered. *See Collins v. Youngblood*, 497 U.S. 37, 43 (1990); *State v. Gonzalez*, 216 Ariz. 11, 14-15, ¶¶ 13-15, 162 P.3d 650, 653-54 (App. 2007); *cf.* A.R.S. § 13-4037(A) (2001) (requiring correction of an illegal sentence upon appeal by the defendant).

¶6    The sentencing provision in effect when Peek committed

his crimes provided in relevant part as follows:

> After conviction of a felony offense that is included in chapter 14 of this title, if probation is available, probation may continue for a term . . . up to and including life and that the court believes is appropriate for the ends of justice.

A.R.S. § 13-902(E) (Supp. 1993). We review statutory interpretation issues de novo. *State v. Armstrong*, 218 Ariz. 451, 463, ¶ 54, 189 P.3d 378, 390 (2008).

## A. Legislative Modifications to Lifetime Probation Statute

**¶7** At all times relevant to this case, Arizona statutes have defined various crimes against victims who are younger than fifteen as "Dangerous Crimes Against Children" ("DCAC"). A.R.S. §§ 13-604.01(K)(1) (1989), 13-604.01(J)(1) (Supp. 1993), 13-604.01(K)(1) (Supp. 1997). A completed offense was designated as a DCAC in the first degree and a preparatory offense was a DCAC in the second degree. *Id.* §§ 13-604.01(K)(1) (1989), 13-604.01(J)(1) (Supp. 1993), 13-604.01(K)(1) (Supp. 1997).

**¶8** Before 1994, a person convicted of any second degree DCAC could be placed on lifetime probation. *Id.* § 13-604.01(I) (1989). Effective January 1, 1994, however, the legislature amended various sections of the criminal code, including those relating to lifetime probation. 1993 Ariz. Sess. Laws, ch. 255, § 8 (1st Reg. Sess.). The legislature eliminated subsection 13-604.01(I), the provision allowing lifetime probation for second degree DCAC offenses, and placed in the general probation

- 4 -

statute § 13-902(E), quoted above, which authorized lifetime probation for felony offenses "included in chapter 14." 1993 Ariz. Sess. Laws, ch. 255, §§ 8, 17 (adding § 13-902(D), which was renumbered as 13-902(E)).

¶9        Thus, before January 1, 1994, lifetime probation was available for attempted (or second degree) DCAC offenses, but not for sexual offenses against adults. A.R.S. § 13-604.01(I), (K) (1989). After the change, lifetime probation was not restricted to crimes against children, but also was not available for all DCAC offenses. *Id.* § 13-902(E) (Supp. 1993). For example, before the amendment, lifetime probation was available for attempted second degree murder of victims younger than fifteen, but unavailable for sexual abuse of victims fifteen years old or older. *Id.* §§ 13-604.01(I), (K), -902 (1989). Following the amendment, the opposite was true because the pivotal factor shifted from whether the victim was younger than fifteen to whether the offense was "included in chapter 14."

¶10       In 1997, the legislature amended § 13-902(E) to explicitly apply to an *attempt* to commit an offense included in chapter 14. 1997 Ariz. Sess. Laws, ch. 179, § 2 (1st Reg. Sess.). Thus, lifetime probation was clearly available for an attempted child molestation occurring before 1994 or after the effective date of the 1997 amendment. This opinion addresses

whether lifetime probation was also available in the intervening period during which Peek committed the attempt offense at issue.

**B.   Construing "a felony offense that is included in chapter 14"**

¶11    When Peek committed his crimes, § 13-902(E) allowed lifetime probation for conviction of "a felony offense that is included in chapter 14 of [Title 13]."   A.R.S. § 13-902(E) (Supp. 1993).   We must construe penal statutes "according to the fair import of their terms" to "effect their object."   *Id.* § 1-211(C) (2002).   Our goal is to discern the legislature's intent, the "best and most reliable index" of which is the statute's language.   *State v. Getz*, 189 Ariz. 561, 563, 944 P.2d 503, 505 (1997) (quoting *In re Pima County Juvenile Appeal No. 74802-2*, 164 Ariz. 25, 33, 790 P.2d 723, 731 (1990)).   When the language of the statute is clear and unambiguous, we need look no further to ascertain the legislative intent.   *Id.; State v. Christian*, 205 Ariz. 64, 66, ¶ 6, 66 P.3d 1241, 1243 (2003).   "[O]nly where a statute is ambiguous or unclear is a court at liberty to resort to the rules of statutory interpretation." *State v. Sweet*, 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985).

¶12    Section 13-902(E) seems clear:   When Peek committed his crimes, it authorized lifetime probation only for offenses "included in chapter 14."   Although chapter 14 included the completed offense of child molestation, A.R.S. § 13-1410 (Supp.

- 6 -

1993), it did not include attempted child molestation.  Rather, attempted offenses were included in chapter 10 of Title 13.  *Id.* § 13-1001 (1989).  The legislature could rationally have chosen to treat preparatory offenses less harshly than completed crimes, and § 13-902(E) appears to reflect precisely such a choice.  *See* Henry M. Hart, Jr. & Albert M. Sacks, The Legal Process 1124-25 (William N. Eskridge, Jr. & Philip P. Frickey eds., 1994) (suggesting that plain language be interpreted in light of context and reasonable purpose of statute).

¶13      The State argues that attempts are part of the completed offense or cannot be committed in isolation from the substantive offense.  That argument, however, does not address whether the language of the statute in question encompassed attempted offenses within § 13-902(E).

¶14      Moreover, we have previously held that sentencing options for a substantive offense do not automatically apply to related preparatory offenses.  In *State v. Herrera*, 131 Ariz. 35, 36-37, 638 P.2d 702, 703-04 (1981), for example, we concluded that a consecutive sentence could not be imposed for an attempted second degree escape when the statute did not authorize a consecutive sentence, even though a consecutive sentence was required for the completed crime.  We reasoned that "even though it would logically follow" that the same penalty might be imposed for an attempted crime as for the completed

- 7 -

crime, we could not impose such a sentence when the sentencing statute did not authorize it. *Id.* at 37, 638 P.2d at 704. The statute in *Herrera* had undergone a change similar to that at issue before us: A statute clearly requiring consecutive sentences for both completed and attempted escape was amended by deleting mention of the attempted crime. *Id.* at 36, 638 P.2d at 703. Based on this amendment, we concluded that "[w]e cannot replace what the legislature has taken out." *Id.* at 37, 638 P.2d at 704.

¶15 Similarly, in *State v. Tellez*, the court of appeals held that a fine mandated for "a violation of any provision of [§ 13-3408(A)]" could not be imposed for solicitation to commit the substantive offense because solicitation was an offense defined in chapter 10 of Title 13. 165 Ariz. 381, 382-83, 799 P.2d 1, 2-3 (App. 1990) (emphasis omitted); *see also State v. Wise*, 164 Ariz. 574, 578, 795 P.2d 217, 221 (App. 1990) (holding, for the same reason, that fine could not be imposed for attempts to commit the substantive offense).

¶16 We find unpersuasive the court of appeals cases on which the State relies. *State v. Lammie*, 164 Ariz. 377, 793 P.2d 134 (App. 1990), and *State v. Cory*, 156 Ariz. 27, 749 P.2d 936 (App. 1987), addressed whether sex offender registration could be required for those convicted of attempted sexual assault. *Lammie*, 164 Ariz. at 378, 793 P.2d at 135; *Cory*, 156

Ariz. at 28, 749 P.2d at 937.  The relevant statute required sex offender registration for those convicted of "a violation of chapter 14 [of Title 13]."  *Lammie*, 164 Ariz. at 378, 793 P.2d at 135; *Cory*, 156 Ariz. at 28, 749 P.2d at 937.  The *Cory* court concluded that because the defendant pled to a violation of "§ 13-1001, as well as §§ 13-1406, 13-1401, 13-3821, 13-701, 13-801, and 13-808," the sex offender registration provision applied.  *Cory*, 156 Ariz. at 28, 749 P.2d at 937.  It is unclear, however, how the defendant in *Cory* violated any of the listed sections other than § 13-1001; indeed the opinion reflects conviction only of the attempted offense.  *Cory*, 156 Ariz. at 28, 749 P.2d at 937.  In concluding that registration could be ordered, the court emphasized that the regulatory purpose of the sex offender registry was served by including those convicted of attempted sexual assault.  *Id.*  Here, in contrast, we deal with a penal statute.

¶17      In *Lammie*, the court relied on *Cory* and similarly affirmed the sex offender registration requirement.  *Lammie*, 164 Ariz. at 379, 381, 793 P.2d at 136, 138.  The court added that contemporaneous legislative history supported its conclusion that the legislature intended to include attempts within the statute.[1]  *Id.* at 379, 793 P.2d at 136.  Because *Cory* and *Lammie*

---

[1]      Section 13-3821 has since been amended and now clearly applies to attempted offenses.  1995 Ariz. Sess. Laws, ch. 257,

allowed an interpretation at odds with the plain language of the statute, we do not find them persuasive.

¶18    Nor does *State v. Cornish*, 192 Ariz. 533, 968 P.2d 606 (App. 1998), support the State's position.  The attempt crime considered in *Cornish* fit squarely within the plain language of the statutory provision.   The statute at issue in *Cornish* provided an enhanced sentence for those "convicted of a class 4, 5 or 6 felony involving the intentional or knowing infliction of serious physical injury."   *Id.* at 535, ¶ 5, 968 P.2d at 608 (citing A.R.S. § 13-604(F) (Supp. 1996)).   The defendant was convicted of "attempted aggravated assault, a class 4 dangerous felony."   *Id.* at 534, ¶ 2, 968 P.2d at 607.   The defendant argued that the statute was ambiguous because other subsections of the statute explicitly applied to both completed and preparatory offenses, while § 13-604(F) did not explicitly refer to attempts.   *Id.* at 535, ¶ 6, 968 P.2d at 608.   The court concluded that the defendant's conviction of attempted aggravated assault fell within the statute because it was a "class 4, 5 or 6 felony involving the intentional or knowing infliction of serious physical injury."   *Id.* at 535, 537-38, ¶¶ 9, 18, 968 P.2d at 608, 610-11.   *Cornish* thus differs from the instant case because this conviction is not covered by the plain

---

§ 3 (1st Reg. Sess.).   No similar legislative history supports such a result for § 13-902(E).

text of the statute.

¶19    The State next argues that the 1994 amendment did nothing to change the treatment of attempted crimes.  We disagree.  The legislature deleted clear language subjecting attempt offenses to lifetime probation and made lifetime probation applicable only for those offenses falling within chapter 14.  Had the legislature intended to cover attempts, it would have chosen to use different language, as it did for the 1997 amendment to § 13-902(E), which explicitly applied to *attempts* to commit an offense included in chapter 14.  1997 Ariz. Sess. Laws, ch. 179, § 2.  When the legislature intends to include attempts, it knows how to do so.

### III.  CONCLUSION

¶20    The statutes in effect when Peek committed his crimes did not authorize lifetime probation for attempted child molestation.  The lifetime probation term imposed on count two was therefore illegal and accordingly is vacated.  The order of the court of appeals declining jurisdiction and the superior court's order dismissing the petition for post-conviction relief are vacated, and this matter is remanded to the superior court for resentencing in a manner consistent with this opinion.

_____
Rebecca White Berch, Vice Chief Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice