NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES MICHAEL GREATHOUSE, *Appellant.*

No. 1 CA-CR 13-0899

FILED 4-2-2015

Appeal from the Superior Court in Maricopa County
No. CR1988-003253
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

James Michael Greathouse
*Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

_____

**C A T T A N I**, Judge:

¶1        After pleading guilty to child molestation and attempted child molestation in 1989, James Michael Greathouse served a 22-year prison sentence for child molestation, after which he began serving lifetime probation for the attempted child molestation conviction.  The superior court revoked his probation in 2013, and he now challenges the revocation decision and the resulting sentence.

¶2        Greathouse's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous, and asking this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  Greathouse filed a document that we will treat as a supplemental brief, in which he asserts primarily that his original sentence was improper because he should not have been placed on lifetime probation after serving the original prison term.  After reviewing the record, we affirm the revocation of Greathouse's probation and the resulting sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶3        In 1989, pursuant to a plea agreement, Greathouse pleaded guilty to one count of child molestation and one count of attempted child molestation, both dangerous crimes against children.  In 1991, Greathouse was sentenced to 22 years' imprisonment for child molestation and lifetime probation for attempted child molestation.[1]  At sentencing, Greathouse reviewed and acknowledged the terms of probation, which included "actively participat[ing] and cooperat[ing] in any program of counseling or

_____

[1]        Greathouse was resentenced following a petition for post-conviction relief not relevant to this appeal.

assistance as determined by APD [Adult Probation Department], or as required by law, given assessment result and/or [his] behavior."

¶4            Upon release from incarceration on July 11, 2010, Greathouse began his lifetime probation term.  In August 2011, Greathouse's probation officer filed a petition to revoke probation based on Greathouse's alleged failure to (1) participate and cooperate in counseling sessions, (2) abide by special intensive probation conditions, and (3) undergo psychological testing and group counseling for sex offenders.  The superior court found violations but reinstated probation to give Greathouse "one last chance to show . . . [he] can participate in treatment and counseling."

¶5            In July 2013, Greathouse's probation officer again filed a petition to revoke based on Greathouse's failure to actively participate in sex offender treatment programs and counseling.  After a disposition hearing, the superior court found that Greathouse had violated his conditions of probation and revoked probation.  The superior court sentenced Greathouse to six years' incarceration, with 239 days of presentence incarceration credit.

¶6            Greathouse timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033.[2]

**DISCUSSION**

**I.     Lifetime Probation.**

¶7            Greathouse argues that he should not have been placed on lifetime probation after serving his original sentence because there was no statutory authority for such probation.  But this argument cannot be raised in the instant appeal, which is limited to contesting the superior court's ruling that Greathouse violated conditions of probation and the resulting sentence.  Any challenge to Greathouse's original sentence must be raised in a post-conviction proceeding under Arizona Rule of Criminal Procedure 32.  *See* Ariz. R. Crim. P. 17.1(e) (by pleading guilty, noncapital defendant waives right to direct appeal and may seek review only by post-conviction proceedings under Rule 32).

¶8            Moreover, we note that, prior to January 1, 1994, lifetime probation was in fact an available punishment for attempted child

---

[2]       Absent material revisions after the relevant date, we cite a statute's current version.

molestation. *State v. Peek*, 219 Ariz. 182, 184, ¶ 10, 195 P.3d 641, 643 (2008). Although as a result of legislation enacted in 1993, there was a period of time during which such punishment was not available, the Arizona Legislature reinstated the availability of such punishment in 1997. *Id.* at 183–84, ¶¶ 7–10, 195 P.3d at 642–43. Accordingly, "lifetime probation was clearly available for an attempted child molestation occurring before 1994 or after the effective date of the 1997 amendment." *Id.* at 184, ¶ 10, 195 P.3d at 643. Here, the crime at issue occurred prior to 1994. Thus, lifetime probation was an available punishment.

## II.     *Anders* **Review.**

**¶9**         We have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none.

**¶10**        Greathouse was present and represented by counsel at all critical stages of the revocation proceedings. The record reflects that the superior court afforded Greathouse his rights under the federal and state constitutions and our statutes, and the revocation proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.

**¶11**        The State must prove a probation violation by a preponderance of the evidence. Ariz. R. Crim. P. 27.8(b)(3). The superior court's determination that a defendant violated a term of probation will not be reversed unless the determination is "arbitrary and unsupported by any theory of the evidence." *State v. Tatlow*, 231 Ariz. 34, 39, ¶ 15, 290 P.3d 228, 233 (App. 2012) (citation omitted).

**¶12**        Here, sufficient evidence supports the superior court's determination that Greathouse violated probation. Greathouse was aware of the conditions of probation and agreed to comply with such conditions and terms. The superior court's reinstatement of probation in 2011 gave Greathouse a second opportunity to comply, but he nevertheless failed to do so. Greathouse was notified by two different probation officers of the need to participate in sex offender treatment and counseling, but he refused to comply, failing to schedule follow-up appointments with treatment and counseling services on several occasions. Accordingly, the superior court's determination that Greathouse violated the terms and conditions of his probation is supported by sufficient evidence.

**¶13**        At the disposition proceeding, Greathouse and his counsel were given an opportunity to speak, and the court imposed a sentence within the statutory range for attempted child molestation, with proper

credit given for presentence incarceration. Accordingly, we find no error in the sentencing proceedings conducted by the court.

¶14 After the filing of this decision, defense counsel's obligations pertaining to Greathouse's representation will end after informing him of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Greathouse shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶15 We affirm the superior court's ruling revoking Greathouse's probation and imposing a sentence of six years' imprisonment.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama