NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

CARLOS B. ROMERO, *Petitioner*.

No. 1 CA-CR 15-0615 PRPC
FILED 5-30-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2005-138018-001 DT
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Carlos B. Romero, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

**¶1**　　　　Petitioner, Carlos B. Romero, petitions this Court for review from the dismissal of his successive petition for post-conviction relief. "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). Romero has not sustained his burden of establishing such abuse here.

**¶2**　　　　A jury found Romero guilty of sexual conduct with a minor, molestation of a child, and the following dangerous crimes against children: two counts of sexual abuse, molestation of a child, and sexual conduct with a minor. The superior court sentenced Romero to an aggregate term of imprisonment of twenty-nine years to be followed by one life sentence with the possibility of release after thirty-five years. This Court affirmed the convictions and sentences on direct appeal. *State v. Romero*, No. 1 CA-CR 06-0841, 2008 WL 2790491 (Ariz. Ct. App. Feb. 14, 2008) (mem. decision).

**¶3**　　　　Romero filed a timely petition for post-conviction relief in December, 2008. Romero raised claims of ineffective assistance of counsel. The superior court properly dismissed the petition and this Court ultimately declined to review Romero's petition for review. *State v. Romero*, 1 CA-CR 09-0730 PRPC (Ariz. Ct. App. Feb. 25, 2011).

**¶4**　　　　Approximately four years later, Romero filed a successive post-conviction relief proceeding.[1] Romero claimed that he received an

---

[1]　　　　Romero filed a Notice of Post-Conviction Relief, Motion for Correction of an Excessive Sentence, and Status of Motion: For Correction of an Excessive Sentence. The superior court construed the first two filings to a Rule 32 Notice of Post-Conviction Relief.

illegal sentence and that he was entitled to relief under Arizona Rule of Criminal Procedure 32.1(c). Specifically, Romero alleged that: 1. the court misapplied A.R.S. § 13-604.01; 2. his sentences subjected him to double jeopardy, are excessive, and violate the Fifth, Sixth, Eight, and Fourteenth Amendments of the United States Constitution and Article 2, Section 15 of the Arizona Constitution pursuant to Arizona Rule of Criminal Procedure 32.1(c); 3. he already served his sentences because the concurrent presumptive terms have already been served; and 4. the superior court lacked subject matter jurisdiction. The superior court correctly found that the claim was precluded. *See* Ariz. R. Crim. P. 32.2(a)(3). Romero's claims failed to meet any of the exceptions.

**¶5**        On June 22, 2015, Romero filed another petition for post-conviction relief, again asserting that his sentence is unconstitutional, illegal, and that he has, in fact, served the presumptive term of his sentence and must be released. Further, Romero alluded to a claim of ineffective assistance of appellate counsel. On September 9, 2015, the superior court dismissed Romero's petition, finding his assertions successive and his sentencing proper. Romero timely appealed the superior court's decision.

**¶6**        With regard to Romero's mention of ineffective assistance of appellate counsel for failing to raise the issue of illegal sentencing on direct appeal, the reviewing court will not consider even meritorious issues not first presented to the superior court. *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988).

**¶7**        Further, Romero's sentencing claims are precluded. The superior court is permitted to dismiss a petition for post-conviction relief based on preclusion. Ariz. R. Crim. P. 32.2(a), 32.6(c). A claim is precluded when it "has been waived at trial, on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). A petitioner, such as Romero, who files a successive notice of post-conviction relief, may only assert claims that fall within Rule 32.1(d), (e), (f), (g), or (h), and must state in the notice "meritorious reasons … substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner." Ariz. R. Crim. P. 32.2(b). Because Romero's claim was pursuant to Rule 32.1(a) (unconstitutional sentence) and (c) (illegal sentence), it was properly precluded. Ariz. R. Crim. P. 32.2(a). *See also State v. Peek*, 219 Ariz. 182, 183, ¶ 4 (2008) (claim of illegal sentence must be timely presented).

¶8        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA