IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WSVALDO TORRES MORENO, *Appellant.*

No. 1 CA-CR 19-0442
FILED 08-27-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-129397-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

**OPINION**

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Peter B. Swann joined.

**W I N T H R O P**, Judge:

**¶1**        Wsvaldo Torres Moreno appeals his enhanced sentence for resisting arrest. The trial court added two years to Moreno's sentence under Arizona Revised Statutes ("A.R.S.") section 13-708(D) because Moreno committed the offense while on felony release. At the time he resisted arrest, Moreno was (1) on felony-release status for unrelated charges and (2) in custody for an unrelated misdemeanor. Moreno argues § 13-708(D) did not apply because, having been taken into custody on the unrelated misdemeanor, he was no longer on release when he resisted arrest. Because Moreno's arrest for an unrelated misdemeanor did not change his felony-release status, the court did not err in enhancing his sentence under § 13-708(D). Accordingly, we affirm Moreno's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The relevant facts are uncontested. In April 2018, some two months before the incident at issue here, Moreno was arrested, charged with multiple felony offenses, and released on a $50 bond. In June 2018, police officers contacted Moreno while responding to a "check welfare" call. They soon discovered he had an outstanding misdemeanor warrant. The officers arrested Moreno and took him to a police station for booking. After an officer removed Moreno's handcuffs to fingerprint him, Moreno pulled his arm away from the officer and began yelling and running around the room. When the officers caught Moreno, he kicked and fought with them until they eventually subdued him.

**¶3**        Based on the incident at the police station, the State charged Moreno with aggravated assault, a class five felony offense, and resisting arrest, a class six felony offense. After a four-day trial, a jury convicted him of resisting arrest but acquitted him of aggravated assault. The jury also found Moreno committed the offense while on felony release. The court sentenced Moreno as a category three repetitive offender to a total of 5.75 years' imprisonment, after adding two years to his sentence under § 13-708(D) because he was on felony release. We have jurisdiction over Moreno's timely appeal pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(4).

## ANALYSIS

**¶4**        In pertinent part, § 13-708(D) provides:

A person who is convicted of committing any felony
offense that is committed while the person is released on bond

or on the person's own recognizance on a separate felony offense . . . shall be sentenced to a term of imprisonment two years longer than would otherwise be imposed for the felony offense committed while on release.

The legislature enacted this sentencing enhancement "to increase the punishment for breaching the conditions of release by committing a felony offense." *State v. Mount*, 149 Ariz. 394, 395-96 (App. 1986); *see also* Ariz. R. Crim. P. 7.3(a)(2) (directing the trial court to order a defendant not to commit any criminal offense as a condition of release).

**¶5** Moreno argues the trial court improperly increased his resisting-arrest sentence based on his felony-release status because he was in police custody when he resisted arrest, meaning he was not "released on bond" as § 13-708(D) requires. We review *de novo* issues of statutory interpretation. *State v. Peek*, 219 Ariz. 182, 183, ¶ 6 (2008).

**¶6** When interpreting a statute, our goal is to determine and give effect to the legislature's intent. *See id.* at 184, ¶ 11. We look first to the text of the statute because its plain language gives the best indication of that intent. *See id.* "When the language of the statute is clear and unambiguous, we need look no further to ascertain the legislative intent." *Id.* (citing *State v. Getz*, 189 Ariz. 561, 563 (1997); *State v. Christian*, 205 Ariz. 64, 66, ¶ 6 (2003)). "Ambiguity occurs when uncertainty exists about the meaning or interpretation of a provision's terms." *Heath v. Kiger*, 217 Ariz. 492, 494, ¶ 6 (2008) (citing *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268 (1994)).

**¶7** We discern no ambiguity in the plain language of § 13-708(D). *See Peek*, 219 Ariz. at 184, ¶ 11; *Heath*, 217 Ariz. at 494, ¶ 6. Under the statute's explicit terms, the two-year sentencing enhancement applies to any defendant who commits a felony offense after he or she has been released pending trial on a separate felony charge. *See* A.R.S. § 13-708(D); *see also* Ariz. R. Crim. P. 7.2(a) (granting trial court discretion to set bail or to release a defendant on his or her own recognizance pending and during trial). The statute imposes no further requirements and creates no exceptions. *See* A.R.S. § 13-708(D).

**¶8** Here, there is no dispute Moreno (1) had been conditionally released on bond pending trial on felony offenses, (2) was arrested on an unrelated warrant, and (3) was later convicted of a post-arrest felony offense. His circumstances satisfied the express conditions of § 13-708(D).

**¶9** Moreno nonetheless asserts, without citing legal authority, that his conditional release on the prior charges ended when he was

arrested on the unrelated warrant because § 13-708(D) only "covers the time a 'released' individual spends among free society." Moreno's argument is contrary to law and the facts of this case.

¶10     Arizona Rule of Criminal Procedure 7 governs release rights, conditions, and procedures. After releasing a defendant, the trial court retains authority to modify the release conditions "[o]n motion or on its own." Ariz. R. Crim. P. 7.4(c)(1). The court may also modify or revoke a defendant's release if it finds the defendant violated a release condition. *See* Ariz. R. Crim. P. 7.5(d). Indeed, Moreno's release order explained these procedures. Nothing in Rule 7, however, provides that a subsequent arrest on an unrelated charge revokes or modifies a defendant's conditional release, at least without a further order from the trial court.

¶11     Contrary to Moreno's proffered interpretation, the phrase "released on bond or on the person's own recognizance" in § 13-708(D) refers to a "[b]efore conviction" release pursuant to a court's order under Rule 7.2(a), not to the defendant's time spent in "free society." If the legislature intended to limit the statute's application as Moreno suggests, it would have said so. *See Hughes v. Jorgenson*, 203 Ariz. 71, 73, ¶ 11 (2002) (stating that a reviewing court assumes "the legislature has said what it means"). Furthermore, Moreno's argument conflicts with the statute's purpose to punish a "released" defendant more severely because he or she violated the release conditions by committing a new crime. *See Mount*, 149 Ariz. at 395-96.

¶12     Moreno's arrest on an unrelated warrant did not change, much less terminate, his felony-release status in the absence of a further order from the trial court. Accordingly, because Moreno was "released on bond" at the time he resisted arrest, the trial court did not err by increasing his sentence under § 13-708(D).

**CONCLUSION**

¶13     We affirm Moreno's conviction and enhanced sentence.

