NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PERRY JEROME BRYARS, *Appellant.*

No. 1 CA-CR 22-0135

FILED 01-16-2025

Appeal from the Superior Court in Maricopa County
No. CR2019-101287-001
The Honorable Rosa Mroz, Judge, (deceased)
The Honorable Jacki Ireland, Judge, *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Diane L. Hunt
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

---

**SUPPLEMENTAL MEMORANDUM DECISION ON REMAND**

Judge Anni Hill Foster delivered the supplemental decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1  Defendant Perry Jerome Bryars appealed this Court's May 16, 2023 decision affirming his convictions and sentences. Following a petition for review by the Arizona Supreme Court, the case was remanded to this Court for further proceedings. This supplemental memorandum decision on remand reflects the outcome of those further proceedings and affirms Bryars' convictions and sentences as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2  The facts of this case are set forth in this Court's prior memorandum decision. *State v. Bryars (Bryars I)*, 1 CA-CR 22-0135, 2023 WL 3477793, at *1–2, ¶¶ 2–9 (Ariz. App. May 16, 2023) (mem. decision). As relevant here, Bryars was charged with sexual assault of his estranged wife. At trial, after Bryars moved for judgment of acquittal as to the sexual assault charge, the trial court allowed the State to proceed with an amended charge of attempted sexual assault. The jury found Bryars guilty of attempted sexual assault and found that it was a dangerous offense and a domestic violence offense.

¶3  Bryars appealed the designation of the attempted sexual assault charge as a domestic violence offense. In affirming, this Court held that because Bryars failed to raise that issue at trial, he had to demonstrate fundamental error. *Id.* at *3, ¶ 15. Noting "Bryars' vague reference to a potential future risk of prejudice" in superior court, this Court concluded that the fact that he was lawfully convicted of other domestic violence offenses did not cause resulting prejudice or deny him a fair trial. *Id.* at ¶ 16.

¶4  Following a petition for review, the Supreme Court vacated paragraphs 15 and 16 of *Bryars I* (designation of the attempted sexual assault conviction as a domestic violence offense) and remanded the matter to this Court for further proceedings to address the following issues:

(1) whether A.R.S. § 13-3601 applies to attempted sexual assault in light of *State v. Peek*, 219 Ariz. 182, 184–85 ¶¶ 11–20 (2008); and

(2) if not, whether an erroneous designation in a judgment of conviction can be corrected under A.R.S. § 13–4036, *see State v. Montano*, No. 1 CA-CR 14-0060, 2015 WL 770325, at *3 (Ariz. App. Feb. 24, 2015) (mem. dec.) (finding dangerous designation erroneous for lack of jury finding and correcting error under A.R.S. § 13–4036).

This decision addresses these issues.

**DISCUSSION**

**¶5** This Court reviews issues of statutory interpretation *de novo*. *State v. Peek*, 219 Ariz. 182, 183, ¶ 6 (2008). "Our task in statutory construction is to effectuate the text if it is clear and unambiguous." *State v. Luviano*, 255 Ariz. 225, 228, ¶ 10 (2023) (citing *BSI Holdings, LLC v. Ariz. Dep't of Transp.*, 244 Ariz. 17, 19, ¶ 9 (2018)). Words are given "their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended." *Id.* (citing *Ariz. ex. rel. Brnovich v. Maricopa Cnty. Cmty. Coll. Dist. Bd.*, 243 Ariz. 539, 541, ¶ 7 (2018)) (quoting *State v. Miller*, 100 Ariz. 288, 296 (1966)); *see also* A.R.S. § 1-213. But "[a]mbiguity arises when the language is reasonably susceptible to differing interpretations." *Luviano*, 255 Ariz. at 228, ¶ 10 (citing *Romero-Millan v. Barr*, 253 Ariz. 24, 27, ¶ 13 (2022)). "When a statute is ambiguous, we consult secondary interpretation methods, such as the statute's subject matter, historical background, effect and consequences, and spirit and purpose." *Id.* (internal citations omitted) (cleaned up).

**I.    Section 13-3601 does not apply to attempted sexual assault.**

**¶6** An offense is classified as domestic violence when it is one of the enumerated crimes in § 13-3601 and a relationship exists between the victim and the defendant as provided in the statute. A.R.S. § 13-3601(A). Of those crimes listed, § 13-1406, sexual assault, is included. *Id.* But while the preparatory offense of attempt is defined and prohibited by statute, it is not included in the definition of domestic violence. *See* A.R.S. §§ 13-1001, -3601.

**¶7** In *Peek*, the Supreme Court reviewed a lifetime probation sentence under § 13-902(E), which "authorized lifetime probation only for offenses 'included in chapter 14.'" 219 Ariz. at 184, ¶ 12 (quoting A.R.S. § 13-902(E)). The conviction in *Peek* was *attempted* child molestation, a

preparatory offense governed by chapter 10 of the criminal code, not chapter 14. *Id*.; *see also* Title 13, ch. 10, (A.R.S. §§ 13-1001 to -1004) ("Preparatory Offenses"). The Supreme Court noted that the language in § 13-902(E) was clear and that "[h]ad the [L]egislature intended to cover attempts, it would have chosen to use different language, as it [has done in other statutes]." *Peek*, 219 Ariz. at 185, ¶ 19. Because *Peek* addressed different statutes than those involved in this case, *Peek*'s holding is instructive but not binding.

**¶8**        Section 13-3601(A) defines domestic violence as "an offense prescribed in . . . 13-1406." A.R.S. § 13-3601(A). Section 13-1406 states "[a] person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person." A.R.S. § 13-1406(A). Conversely, the preparatory offense of attempt is found in § 13-1001 and requires a person to intentionally commit an act that "is any step in a course of conduct planned to culminate in commission of an offense." A.R.S. § 13-1001(A)(2); *see also State v. Ontiveros*, 206 Ariz. 539, 541, ¶ 9 (App. 2003) (distinguishing between the offenses of second-degree murder and attempt). Attempt is not one of the offenses listed in § 13-3601(A). Because the express language of § 13-3601(A) does not include language that would lead a reasonable person to question whether preparatory offenses are included, except where they are specifically included under § 13-705, the statute is not ambiguous.

**¶9**        The State urges this Court to hold that attempted offenses are included in the definition of domestic violence under § 13-3601(A). Referring to § 13-705,[1] the State argues that the Legislature intended to include preparatory offenses in § 13-3601(A). While the State is correct that some preparatory offenses are included under § 13-3601 though § 13-705, its argument does not apply to Bryars' conviction of attempted sexual assault under *Peek*'s analysis.

**¶10**        Though statutes in other contexts do classify attempted sexual assault as domestic violence, those statutes are outside the criminal context and therefore not applicable. *See Peek*, 219 Ariz. at 185, ¶ 19; A.R.S. § 25-403.03(A), (D)(1) (classifying attempted sexual assault as an act of domestic violence for the purposes of child custody matters). "When the [L]egislature

---

[1] Section 13-705 does include some attempted crimes in the definition of dangerous crimes against children provision, which therefore are also included in the domestic violence definition of § 13-3601(A).

intends to include attempts, it knows how to do so." *Peek,* 219 Ariz. at 185, ¶ 19.

**¶11**        The inclusion of the domestic violence designation with Bryars' attempted sexual assault conviction was error.

## II.        Correction of erroneous designation in judgment of conviction.

**¶12**        The second issue the Supreme Court asked this Court to address was "whether an erroneous designation in a judgment of conviction can be corrected under A.R.S. § 13–4036." The answer to this question lies in the statute's language.

**¶13**        Section 13-4036 provides

> The supreme court may reverse, affirm or modify the judgment appealed from, and may grant a new trial or render any judgment or make any order which is consistent with the justice and the rights of the state and the defendant. On an appeal from an order made after judgment, it may set aside, affirm or modify the order or any proceeding subsequent to or dependent upon such order.

A.R.S. § 13-4036[2]; *see* A.R.S. § 12-120.21(A)(3); *Ariz. Podiatry Ass'n v. Dir. of Ins.*, 101 Ariz. 544, 547-48 (1966) (statutes enacted before the establishment of the Court of Appeals which confer authority on the Supreme Court also confer authority to the Court of Appeals). Similarly, Arizona Rule of Criminal Procedure 31.19(c) provides that an "appellate court may reverse, affirm, or modify the action of a lower court, and it may issue any necessary and appropriate order in connection with its decision." Ariz. R. Crim. P. 31.19(c).

**¶14**        In *State v. Montano*, this Court reviewed a dangerousness designation as part of a conviction for threatening and intimidating, but the jury had not decided the dangerousness element. 1 CA-CR 14-0060, 2015 WL 770325, at *3, ¶ 12 (Ariz. App. Feb. 24, 2015) (mem. decision). In that case, this Court determined that because the offense of threatening and intimidating was not inherently dangerous (it "may be committed without the use of a deadly weapon or dangerous instrument"), the element of

---

[2] The current language of A.R.S. § 13-4036 (formerly A.R.S. § 13-1716) was originally enacted as part of Arizona's penal code in 1928 and was renumbered after that in 1977. Ariz. Rev. Code § 5148 (1928); 1977 Ariz. Sess. Laws, ch. 142, § 161 (1st Reg. Sess.) (H.B. 2054) (eff. Oct. 1, 1978).

dangerousness must be proved to the jury. *Id.* at *2, ¶ 11. It held that A.R.S. § 13-4036 allowed it to "vacate the trial court's designation of Montano's conviction . . . as a dangerous offense." *Id.* at *3, ¶ 12.

¶15     Here, since § 13-4036 provides an opportunity to correct an error, this Court may appropriately vacate the domestic violence designation that was attached to the attempted sexual assault conviction.

## CONCLUSION

¶16     For these reasons, the domestic violence designation shall be removed from Bryars' attempted sexual assault conviction (Count 4). In all other respects, Bryars' convictions and resulting sentences are affirmed.

