86 P.3d 381

**Troy Steven JACKSON, Petitioner,**

v.

**The Honorable Barry C. SCHNEIDER, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent Judge,**

**State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 03–0268.**

Court of Appeals of Arizona, Division 1, Department C.

March 18, 2004.

Robert L. Storrs, P.C. By Robert L. Storrs, Phoenix, Attorney for Petitioner.

Richard M. Romley, Maricopa County Attorney By Gerald R. Grant, Deputy County Attorney Attorneys, Phoenix, for Real Party in Interest.

## OPINION

GARBARINO, Judge.

¶ 1 Troy Steven Jackson petitions this Court for special action review of the trial court's denial of his motion to terminate his probation. We hold that a defendant cannot be placed on lifetime probation for the conviction of public sexual indecency, a class one misdemeanor, even though public sexual indecency is an offense included in Arizona Revised Statutes, chapter 14 of title 13. For the following reasons, we accept jurisdiction and grant relief.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 On May 4, 2000, Jackson was indicted on four counts of public sexual indecency, class 1 misdemeanors, one count of indecent exposure, a class 1 misdemeanor, and one count of public sexual indecency to a minor, a class 5 felony. On October 4, 2000, Jackson entered into a plea agreement with the State in which he agreed to plead guilty to one count of public sexual indecency in violation of Arizona Revised Statute (A.R.S.) section 13–1403 (1989), a class 1 misdemeanor. At his sentencing, pursuant to the terms of the plea agreement, Jackson was placed on lifetime probation. As a term of his probation, he was incarcerated for twelve consecutive weekends.

¶ 3 Jackson has been on probation for three years. In October 2003, Jackson filed a motion to terminate his probation relying on A.R.S. § 13–902 (Supp.1999), which sets forth the maximum probationary periods for each felony and misdemeanor classification. Following the trial court's denial of his motion, Jackson filed this special action.

### JURISDICTION

¶ 4 This Court retains the broad discretion to decline jurisdiction. *Blake v. Schwartz,* 202 Ariz. 120, 122, ¶ 7, 42 P.3d 6, 8

(App.2002) (explaining that "[s]pecial action jurisdiction is highly discretionary."). Special action jurisdiction is reserved for extraordinary circumstances when there is no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a); *see also State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4, 35 P.3d 82, 84 (App.2001).

■ ¶ 5 This Court can accept jurisdiction if a case raises issues of first impression or involves purely legal questions of public importance that are likely to be raised again. *Martin v. Reinstein*, 195 Ariz. 293, 300, ¶ 9, 987 P.2d 779, 786 (App.1999). Here, special action consideration is appropriate because Jackson has no equally plain, speedy, and adequate remedy by way of appeal and Jackson raises an issue of first impression.

## ISSUE

The issue is whether the trial court erred by placing Jackson on lifetime probation as a result of a conviction for public sexual indecency, a class 1 misdemeanor, even though the offense is included in chapter 14 of title 13.

## DISCUSSION

■ ¶ 6 Jackson contends that the trial court abused its discretion by denying his motion to terminate his probation. He argues that A.R.S. § 13–902 does not authorize lifetime probation for a person convicted of a class 1 misdemeanor. We agree.

¶ 7 This Court reviews issues of statutory construction de novo. *State v. Gallagher*, 205 Ariz. 267, 269, ¶ 5, 69 P.3d 38, 40 (App.2003). Pursuant to A.R.S. § 13–902(A)(5), the maximum period of probation for a class 1 misdemeanor is three years. In pertinent part, subsection (E) of the statute provides that

> [a]fter conviction of a felony offense or an attempt to commit any offense that is included in chapter 14 or 35.1 of this title or § 13–2923 or 13–3623, if probation is available, probation may continue for a term not less than the term that is specified in subsection A of this section up to and

including life and that the court believes is appropriate for the ends of justice.

A.R.S. § 13–902(E). This section applies to convictions of certain offenses that are predominately sex-based crimes.[1] Jackson was not convicted of a felony offense or an attempt to commit any offense, felony or misdemeanor as set forth in § 13–902(E).

¶ 8 The State believes that the Respondent Judge interpreted § 13–902(E) to mean that lifetime probation could be imposed following a conviction of any offense or an attempt to commit any offense included in chapter 14, whether it is a felony or misdemeanor. The State acknowledges that this interpretation goes beyond the plain meaning of the language of the statute. The State, however, correctly believes that the statute should be interpreted to permit lifetime probation for felony offenses and for an attempt to commit any "felony" offense included in chapter 14. As a result, the State concedes that the trial court improperly imposed lifetime probation.

■ ¶ 9 Prior to 1997, the language in § 13–902(E) stated that a person was eligible for lifetime probation "after conviction of a felony offense that is included in chapter 14 . . . ." A.R.S. § 13–902(E) (1989 & Supp. 1996). In 1997, the legislature amended the language to add, "or an attempt to commit any offense" that is included in chapter 14. 1997 Ariz. Sess. Laws, ch. 179, § 2. It would be inconsistent to apply this section to an *attempted* misdemeanor conviction, yet not apply it to a misdemeanor conviction. *See* A.R.S. § 1–211(B) (2002) ("Statutes shall be liberally construed to effect their objects and to promote justice."). Although the statute applies to felony convictions and attempted felony convictions, it does not apply to Jackson's conviction for a misdemeanor because the statute expressly fails to include misdemeanor convictions.

■ ¶ 10 A trial court only has the authority to impose these probationary terms authorized by statute. *Coy v. Fields*, 200 Ariz. 442, 444, ¶ 4, 27 P.3d 799, 801 (App.

---

1. Chapter 14 includes sexual offenses; chapter 35.1 includes sexual exploitation of children; § 13–2923 proscribes stalking; and § 13–3623 applies to the abuse of children or vulnerable adults.

2001); *State v. Vargas–Burgos,* 162 Ariz. 325, 326, 783 P.2d 264, 265 (App.1989). It is fundamental error to prescribe a probationary term that exceeds the period permitted by statute. *State v. Bouchier,* 159 Ariz. 346, 347, 767 P.2d 233, 234 (App.1989). When a trial court exceeds its sentencing authority, the sentence is void as to the excess portion. *United States v. Green,* 735 F.2d 1203, 1205–06 (9th Cir.1984) (holding that the trial court exceeded its authority by conditioning probation upon the payment of taxes and that the excess sentence imposed was void). Here, the probationary term is illegal because it exceeded the maximum allowed by law. *See* A.R.S. § 13–902(A)(5). Because the lifetime probationary term was not statutorily authorized for conviction of public sexual indecency, a class 1 misdemeanor, the Respondent Judge was obligated to reduce the illegally imposed term of probation to three years.

¶ 11 Because the parties agree that the trial court could not impose lifetime probation, the State argues that the plea agreement was based on mistake of law, and that it would not have offered the plea agreement to Jackson had lifetime probation been unavailable. Because lifetime probation is impermissible, the State asserts that the plea agreement has effectively been rejected and that it should be able to withdraw from the plea. *See* Ariz. R.Crim. P. 17.4(e). We disagree with the State.

¶ 12 Pursuant to Rule 17.4(b) of the Arizona Rules of Criminal Procedure, a plea agreement may be revoked by any party prior to the trial court's acceptance. The trial court has the discretion to allow either party to withdraw from a plea agreement and to reinstate the charges in effect before the plea was negotiated. Ariz. R.Crim. P. 17.5. Generally, when the trial court accepts the plea, the State may not withdraw from the plea because double jeopardy attaches. *Coy,* 200 Ariz. at 444, ¶ 5, 27 P.3d at 801. The State may withdraw from a plea agreement only if the defendant breaches his or her obligations under the agreement. *Id.* The State, however, has not alleged that Jackson breached any of the terms of the plea agreement.[2] In fact, Jackson served the maximum probationary term under A.R.S. § 13–902(A)(5). The State is presumed to have known the law in existence at the time it negotiated the plea agreement with Jackson. *See id.* at 446, ¶ 13, 27 P.3d at 803. We conclude, therefore, that the State cannot now withdraw from the plea agreement relying on a mistake of law. The defendant, although reaping a benefit from the State's failure to stay abreast of its statutes, cannot be said to have taken advantage of an unknowing adversary. After all, it is the State that is in the best position to know the law.

## CONCLUSION

¶ 13 For the foregoing reasons, we accept jurisdiction, grant relief, and remand for proceedings consistent with this decision.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and PHILIP HALL, Judge.

---

**2.** The parties have not provided this Court with a copy of the plea agreement.