243 P.3d 1029

**STATE of Arizona, Appellant,**

v.

**Robert DEAN, Appellee.**

**No. 1 CA–CR 09–0705.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 7, 2010.

William G. Montgomery, Maricopa County Attorney By Lisa Marie Martin, Deputy County Attorney, Phoenix, Attorneys for Appellant.

James J. Haas, Maricopa County Public Defender By Cory Engle, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

WINTHROP, Presiding Judge.

¶ 1 Prior to 1994, Arizona Revised Statutes ("A.R.S.") section 13–604.01 (1989) authorized imposing lifetime probation for any person convicted of a dangerous crime against children, which included attempted child molestation. *See State v. Peek*, 219 Ariz. 182, 183, ¶ 8, 195 P.3d 641, 642 (2008). On January 1, 1994, the legislature amended A.R.S. § 13–902 to set forth specifically all offenses that would qualify for lifetime probation. *Peek*, 219 Ariz. at 184, ¶ 12, 195 P.3d at 643. The offense of attempted child molestation was no longer listed as an offense qualifying for lifetime probation. *Id.* As of July 21, 1997, however, A.R.S. § 13–902(E) (Supp.2010) was amended to again include attempted child molestation as an offense for which a defendant could receive lifetime probation. *Peek*, 219 Ariz. at 184, ¶ 10, 195 P.3d at 643. Nonetheless, during the intervening period between the 1994 and 1997 amendments ("the *Peek* period"), the State continued to offer and courts continued to impose lifetime probation upon defendants convicted of attempted child molestation. In November, 2008, however, the Arizona Supreme Court held that lifetime probation during the *Peek* period for convictions of attempted child molestation was unauthorized by statute, and therefore, illegal. *Peek*, 219 Ariz. at 185, ¶ 20, 195 P.3d at 644. For the following reasons, as modified, we affirm the superior court's order modifying Appellee's period of probation.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The instant appeal is one of many that followed the application of *Peek* to cases involving imposition of lifetime probation. On August 28, 2001, Robert Dean ("Appellee") was indicted on two counts of child molestation, class two felonies, and two counts of sexual conduct with a minor, also class two felonies. On June 27, 2002, Appellee entered a plea agreement. He pled guilty to amend-

ed Count 1, attempted molestation of a child, a class three felony, occurring on or between May 7, 1995, and May 7, 1996. Appellee also pled guilty to amended Count 4, attempted molestation of a child, a class three felony, occurring on or between July 26, 1996, and July 26, 1997. All other charges were dismissed. The court accepted the plea agreement, and on August 30, 2002, the court imposed a sentence of incarceration for one year and two concurrent terms of lifetime probation.

¶ 3 In April of 2009, the Adult Probation Office ("the APO") filed a motion to terminate Appellee's probation based on the holding in *Peek*. Appellee subsequently filed a "Memorandum in Support of Probation Termination." After a hearing, the court ordered a modification of Appellee's probation under Count 1, decreasing the period of probation from lifetime to five years, and directed the APO to calculate whether the modified probation term had been completed, and if so, ordered that the probation be discharged.[1]

¶ 4 The offense in Count 1 was alleged to have occurred in a range of dates that fell wholly within the *Peek* period, and the modification of that period of probation has not been appealed. The court deferred its ruling on whether to similarly modify Count 4 in order to allow the State time to prove that the offense occurred outside of the *Peek* period, because the range of dates during which the offense in Count 4 may have been committed straddled the end of the *Peek* period by five days. At the subsequent hearing, the State was unable to present any further evidence to pinpoint whether the offense occurred outside of the *Peek* period. Accordingly, on September 3, 2009, the court also modified Appellee's probation under Count 4, decreasing the period of probation from lifetime to five years, and directed the APO to calculate whether the modified probation term has been completed, and if so, ordered that the probation be discharged.[2] This appeal followed.

---

1. A term of five years' probation was the maximum sentence available for Appellee's offense during the *Peek* period.

2. The September 3, 2009 ruling which the State is appealing erroneously orders the modification of "Count 1, Attempted Molestation of a Child, a Dangerous Crime against Children in the Second

## JURISDICTION

¶ 5 The State contends that we have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 (2010), and 13–4032(4) (2010). Without deciding whether we have jurisdiction under those statutes, we instead exercise our discretion to accept special action jurisdiction pursuant to A.R.S. § 12–120.21(A)(4) and Arizona Rules of Procedure for Special Actions 8(a). Special action jurisdiction is proper when "an issue is one of first impression of a purely legal question, is of statewide importance, and is likely to arise again...." *Vo v. Superior Court In and For County of Maricopa*, 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1992); *see also Summerfield v. Superior Court In and For County of Maricopa*, 144 Ariz. 467, 469, 698 P.2d 712, 714 (1985) (accepting special action jurisdiction when several pending cases involved the same issue and finding that "[n]ormal appellate procedures will result in unnecessary cost and delay to all litigants"). In the instant case, the State asks us to resolve an issue of first impression that is a pure legal issue of statewide importance. Further, multiple cases involving the same issues are either presently before us or pending, rendering normal appellate procedures inefficient. These factors lead us to conclude that accepting special action jurisdiction in this case is appropriate.

## ANALYSIS

¶ 6 The State argues that the court erred by failing to review the APO's motion to terminate Appellee's probation pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, and contends that a proper analysis under Rule 32 would have precluded the

APO from bringing its motion. Alternatively, the State contends that even if Rule 32 does not apply, the court abused its discretion by terminating Appellee's probation without first making a finding as required under Rule 27.4 of the Arizona Rules of Criminal Procedure. Finally, the State argues that the trial court abused its discretion by finding that lifetime probation was unavailable despite the fact that the offense was alleged to have occurred in a range of dates, a portion of which fell outside of the *Peek* period.[3]

¶ 7 We review a trial court's modification of probation for an abuse of discretion. *See State v. Contreras*, 180 Ariz. 450, 454, 885 P.2d 138, 142 (App.1994).

### I. Rule 32

¶ 8 The State first argues that the only mechanism by which Appellee may attack the legality of lifetime probation is through a petition for post-conviction relief filed pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, and further, that any such claim must be precluded as untimely.

¶ 9 Rule 32 states, in relevant part:

Subject to the limitations of Rule 32.2, *any person who has been convicted of, or sentenced for, a criminal offense may*, without payment of any fee, *institute a proceeding to secure appropriate relief.*

*Any person who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest shall have the right to file a post-convic-*

---

Degree, committed on or between May 7, 1995 and May 7, 1996" and makes no mention whatsoever of Count 4. Our review of the entirety of the record leads us to conclude that the court intended to modify Count 4, not Count 1, which had been previously modified in the minute entry filed by the court on July 24, 2009. Accordingly, pursuant to A.R.S. § 13–4036 (2010), we modify the September 3, 2009 minute entry to reflect the modification of "Count 4, Attempted Molestation of a Child, a Dangerous Crime Against Children in the Second Degree, committed on or between July 26, 1996 and July 26, 1997." *See State v. Ochoa*, 189 Ariz. 454, 462, 943 P.2d 814, 822 (App.1997).

3. We note that this appeal is one of many cases involving a guilty plea to a single instance of a discrete crime in which all elements of the crime could only have occurred on one date within the range of dates set forth in the plea agreement. The holding in this opinion, therefore, is strictly limited to situations analogous to that in the instant and similar cases. Any extension of this decision to plea agreements involving an ongoing offense with elements that can occur over a broad range of dates, such as conspiracy or embezzlement, would be inappropriate.

*tion relief proceeding,* and this proceeding shall be known as a Rule 32 of-right proceeding.

Ariz. R.Crim. P. 32.1 (emphasis added). A petition for review under Rule 32 must be filed "within ninety days after the entry of judgment and sentence," and failure to do so precludes most grounds for relief. Ariz. R.Crim. P. 32.4(a). The purpose of Rule 32 is to consolidate various post-relief procedures "into a single comprehensive remedy . . . subject to limited exceptions. . . ." *State v. Shrum,* 220 Ariz. 115, 118, ¶ 11, 203 P.3d 1175, 1178 (2009).

¶ 10 The trial court did not err in granting relief outside of a Rule 32 proceeding. First, a Rule 32 proceeding may be initiated only by a "person who has been convicted of, or sentenced for, a criminal offense[.]" *See* Ariz. R.Crim. P. 32.1. In the instant case, relief was sought by the APO, not by Appellee. The APO only has standing to petition the court on behalf of a probationer for relief from a term of probation under Rule 27 of the Arizona Rules of Criminal Procedure. *See* Ariz. R.Crim. P. 27.3 and 27.4. Nothing in Rule 27 bars the APO from requesting relief from the terms of probation on behalf of probationers, even if the probationers themselves would be precluded from seeking relief under Rule 32. Accordingly, application of Rule 32 in the instant proceeding would have been wholly inappropriate, as the APO was simply acting as authorized by Rule 27.

■ ¶ 11 Further, a request for modification or termination of a period of probation is not generally subject to a Rule 32 review. The trial court that issued the probationary term "retains jurisdiction over the probationary terms and the probationer until the term of probation is successfully completed or until it is revoked." *Contreras,* 180 Ariz. at 453, 885 P.2d at 141; *accord State v. Ray,* 209 Ariz. 429, 431, ¶¶ 4–5, 104 P.3d 160, 162 (App.2004). The trial court, "in its discretion . . . may modify or add to the conditions or . . . may revoke probation in accordance with the rules of criminal procedure at any time before the expiration or termination of the period of probation." A.R.S. § 13–901(C) (Supp 2010); *see also* A.R.S. § 13–603(B)

(2010) ("The sentence [of probation] is tentative to the extent that it may be altered or revoked in accordance with chapter 9 of this title, but for all other purposes it is a final judgment of conviction."); Ariz. R.Crim. P. 27.3 ("A probationer, probation officer, the State, or other person designated by the court, at any time prior to absolute discharge, may request the court to modify or clarify any condition or regulation"). Because the court maintained jurisdiction over Appellee throughout the period of his probation, the court's options were not constricted by Rule 32 when considering the APO's petition to modify or terminate probation.

¶ 12 Finally, the State requests that we disapprove of our decision in *Jackson v. Schneider,* 207 Ariz. 325, 86 P.3d 381 (App. 2004), as conflicting with our supreme court's subsequent decision in *Shrum.* We conclude, however, that *Jackson* is distinguishable, and thus, does not conflict with *Shrum.* In *Shrum,* the defendant pled guilty to two counts of attempted sexual conduct with a minor, each constituting a class three felony, and was sentenced to eight years' imprisonment and lifetime probation. *Shrum,* 220 Ariz. at 116–17, ¶¶ 3–4, 203 P.3d at 1176–77. The defendant then filed a petition pursuant to Rule 32, challenging only the period of his incarceration, contending that pursuant to a recent supreme court opinion, he had been sentenced to prison under the incorrect statute. *Shrum,* 220 Ariz. at 117, ¶ 6, 203 P.3d at 1177. The supreme court held that the decision upon which defendant based his appeal was not a "significant change in the law," and found that his appeal for post-conviction relief was precluded under Rule 32. *Shrum,* 220 Ariz. at 120, ¶ 23, 203 P.3d at 1180.

¶ 13 In *Jackson,* however, the defendant pled guilty to one count of public sexual indecency, a class one misdemeanor, and received lifetime probation. Finding that the lifetime probation was unauthorized for that offense, this court upheld the trial court's modification of the period of probation without conducting a Rule 32 analysis. *See Jackson,* 207 Ariz. at 327–28, ¶ 10, 86 P.3d at 383–84.

¶ 14 Both *Jackson* and *Shrum* were correctly decided, and they do not conflict with each other. As noted above, the trial court in *Jackson* retained its jurisdiction over the defendant throughout the duration of his probation, and therefore, exercised its discretionary authority to modify the terms of the defendant's probation. In *Shrum*, the defendant only challenged his incarceration, not the imposition of lifetime probation, and Rule 32 was properly applied to preclude the defendant's petition for post-conviction relief.

## II. *Rule 27.4*

¶ 15 In the alternative, the State contends that the court erred by terminating Appellee's period of probation under Rule 27.4 without first making the necessary finding that "the ends of justice [would] be served" by such termination, as required by A.R.S. § 13–901(E).

¶ 16 Upon receiving a petition to change terms of probation, the court has discretion to take one of two actions: 1) it may modify or clarify the terms of probation pursuant to Rule 27.3, or 2) it may terminate probation and discharge the probationer pursuant to Rule 27.4. In the instant case, the court noted multiple times that its intent was to act under Rule 27.3 and to modify—not terminate—Appellee's period of probation. In fact, rather than ordering a discharge as required under Rule 27.4, the court directed the APO "to calculate whether [a five year term of] probation has been completed and submit an Order of Discharge and a Criminal Restitution Order if warranted." The State counters that though "[t]he trial court referred to Rule 27.3 . . . it is clear that the court actually meant Rule 27.4." The State apparently bases its argument solely on the fact that, prior to a re-numbering in 2005, Rule 27.4 was numbered Rule 27.3, and suggests that the trial judge was somehow confused. The State does not point to anything in the record to support its speculation in this regard. Therefore, we find that the court acted appropriately and pursuant to its discretionary power to modify probation under Rule 27.3. Because the court did not act pursuant to Rule 27.4, it was not required to make any of the findings required in A.R.S. § 13–901(E).

¶ 17 While the court has broad discretion to modify terms of probation under Rule 27.3, its authority is not limitless:

It is clear a trial court has the authority to modify probation. However, the discretionary authority given the sentencing court to impose, modify, or revoke probation is limited by several statutory provisions, as well as constitutional due process considerations. We believe this authority can also be limited by agreement of the parties.

*State v. Rutherford*, 154 Ariz. 486, 488–89, 744 P.2d 13, 15–16 (App.1987) (citations omitted) (limiting its holding reversing a trial court's modification to the specific facts of the case and noting that "[a]ny further attempt by the prosecutor to control the conditions of probation would be an infringement on the court's jurisdiction over probationers"). The State has not alleged that the court abused its discretionary power under Rule 27.3 to modify Appellee's period of probation, nor have we found any error. Further, precedent suggests that a court must modify the period of probation if, like here, the period is found to be illegal or unauthorized by statute. *See Jackson*, 207 Ariz. at 328, ¶ 10, 86 P.3d at 384 (finding that the court was obligated to reduce the period of probation when the term was found to be illegal because "[i]t is fundamental error to prescribe a probationary term that exceeds the period permitted by statute . . . [w]hen a trial court exceeds its sentencing authority, the sentence is void as to the excess portion"). Accordingly, we do not find that the court abused its discretion in ordering a modification of Appellee's period of probation pursuant to Rule 27.3.

## III. *Range of Dates for the Offense*

¶ 18 Finally, the State contends the court erred in modifying the period of probation for Count 4 when the offense was alleged to have occurred within a range of dates that straddled the *Peek* period. The State argues that by pleading guilty, Appellee essentially admitted to involvement in the crime on each day up to and including the

last date alleged in the charge. If the State's argument is accepted, then Appellee will have pled guilty to the five days in the plea agreement that fell outside the *Peek* period. Such a finding would mean that lifetime probation was an authorized imposition for Appellee's offense and would render the modification inappropriate. Appellee counters that all of the elements comprising his offense could have been completed in the dates falling before the end of the *Peek* period. Therefore, he argues, the State had the burden of pinpointing whether the offense took place outside of the *Peek* period. Appellee also argues that, because the State failed to prove that the offense took place outside of the *Peek* period, the prohibition against *ex post facto* laws applies to prevent the imposition of lifetime probation. *See* Ariz. Const. art. 2, § 25.

¶ 19 The State cites only two cases from foreign jurisdictions to support its proposition. The cases cited are *People v. Flagg*, 18 P.3d 792 (Colo.Ct.App.2000),[4] and *Lee v. Wyoming*, 36 P.3d 1133 (Wyo.2001).[5] Legal precedents from other jurisdictions, while informative, are not controlling in this court. *See Ramsey v. Yavapai Family Advocacy Center*, 225 Ariz. 132, 140–41, ¶ 32, 235 P.3d 285, 293–94 (App.2010) (citation omitted) (declining to impose duties set forth in cases from other jurisdictions, noting that "we are not bound by the decisions of other states"); *see also Kotterman v. Killian*, 193 Ariz. 273, 291–92, ¶ 68, 972 P.2d 606, 624–25 (1999) (noting that "while Washington's judicial decisions may prove useful, they certainly do not control Arizona law. We alone must decide how persuasive the legal opinions of other jurisdictions will be to our holdings") (citation omitted). We find the cases cited by the State to be neither wholly analogous nor persuasive, and we decline to adopt the rationales set forth in them.

¶ 20 The State was given ample opportunity to pinpoint or, at least, narrow the time frame of the offense to the range of dates falling outside the *Peek* period. Because the State failed to do so, the trial court exercised its discretion to modify Appellee's probation to the only lawful term that could have been imposed during the entire period in which the offense was alleged to have occurred. Again, absent evidence to the contrary, we will not assume the offense was committed after the *Peek* period. Further, the State could have avoided the instant dispute by either narrowing the range of dates in which the offense was alleged to have occurred to fall wholly outside of the *Peek* period or requested a different sentence altogether in the plea agreement. As Appellee persuasively argues, "[t]he state should not both be rewarded and encouraged in drafting its charges as broadly as is possible," and when an error has been made in imposing an illegal sentence, we believe that the mistake is the State's burden to bear. *See Jackson*, 207 Ariz. at 328, ¶ 12, 86 P.3d at 384 (holding that even though a mistake of law benefitted the defendant, the State "cannot [ ] withdraw from the plea agreement relying on a mis-

---

4. In *Flagg*, the Colorado Court of Appeals held that because the defendant "admitted that the crime occurred between certain dates ... we must assume the crime was not completed until after [the subsequent statutory sentence was enacted]." *Flagg*, 18 P.3d at 794–95. The court in *Flagg* cited no authority to support its proposition. Since the decision in *Flagg*, two opinions from that same court have cast doubt on *Flagg's* validity and applicability. *See People v. Gardner*, 250 P.3d 1262, 1268 (Colo.Ct.App.2010) (departing from *Flagg* when striking down defendant's sentence stemming from a guilty plea because "this assumption [in *Flagg*] does not logically carry over to an aggregate theft offense ... we cannot assume that by pleading guilty [defendant] admitted that a theft was not committed until the last date alleged in the charge."); *People v. Kyle*, 111 P.3d 491, 507 (Colo.Ct.App.2004)

(distinguishing *Flagg* and striking down the defendant's sentence stemming from a guilty verdict because "[though] there was evidence of a continuing pattern of sexual abuse after the effective date of the Act ... all the elements of defendant's offenses could have been completed before the effective date of the Act").

5. In *Lee*, the court refused to grant relief from defendant's sentence of imprisonment stemming from a guilty plea because a plethora of evidence was introduced that proved the defendant completed the offense for which he pled guilty "long after the effective date of the amended sentencing statute." *Lee*, 36 P.3d at 1139–40, ¶¶ 16–18. Unlike the case in *Lee*, the State in the instant case offered no evidence whatsoever to prove that Appellee's offense occurred outside of the *Peek* period.

take of law" and noting that "[t]he State is presumed to have known the law in existence at the time it negotiated the plea agreement").

¶ 21 Absent a showing by the State that the Appellee's offense was committed outside the *Peek* period, the prohibition against *ex post facto* laws preclude application of a period of lifetime probation sentence.[6] Because the State failed to offer any evidence pinpointing the date of the offense outside of the *Peek* period, we cannot find that the court abused its discretion in modifying Appellee's period of probation.

## CONCLUSION

¶ 22 For the aforementioned reasons, as modified, we affirm the superior court's order modifying Appellee's period of probation.

CONCURRING: PATRICIA K. NORRIS, and PATRICK IRVINE, Judges.

---

6. The trial court relied upon the rule of lenity in reaching its decision on this issue. The rule of lenity, however, has no application here. The rule of lenity is a rule of statutory construction that applies only where a statute is susceptible to more than one interpretation. *State v. Munoz*, 224 Ariz. 146, 148, ¶ 8, 228 P.3d 138, 140 (App. 2010). It is not a general rule of fairness or leniency. None of the applicable statutes in this matter are ambiguous and the parties do not contend otherwise. Nonetheless, "[t]he fact that the trial judge came to the proper conclusion for the wrong reason is irrelevant. We are obliged to affirm the trial court's ruling if the result was legally correct for any reason." *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984).