JOHNSEN, Judge,
dissenting:
¶ 19 Wright pled guilty 24 years ago to two counts of solicitation to commit child molestation, stipulating that his offenses were dangerous crimes against children pursuant to Aizona Revised Statutes (“A.R.S.”) section 13-604.01 (1992). That statute provided, inter alia, that “molestation of a child” is a “[dangerous crime against children” when committed “against a minor under fifteen years of age.” AR.S. § 13-604.01(K)(l)(d). Wright was sentenced pursuant to § 13-604.01(K)(1), under which “[a] dangerous crime against children ... is in the second degree if it is a preparatory offense.” At every step of the way, Wright’s pleas to solicitation to commit child molestation have been treated as “second degree” dangerous crimes against children because the statute defining “solicitation” appears in chapter 10 of our criminal *529 code, titled “Preparatory offenses.” Wright served the prison sentence imposed on one of the two convictions, and now seeks relief from the lifetime probation imposed on the other.
¶ 20 I respectfully dissent from the denial of relief to Wright because I am compelled to conclude that, under the language of the Arizona statute defining solicitation, one cannot be convicted of soliciting another to commit molestation of a child in the absence of an actual child. I agree that a valid conviction of solicitation to commit child molestation may constitute a dangerous crime against children. More broadly, I agree that solicitation to commit any crime that constitutes a dangerous crime against children may itself be a (second-degree) dangerous crime against children. But that is not what we have here. Because our record contains insufficient evidence to support a conviction for solicitation to commit child molestation in the first place, Wright is entitled to relief.
¶ 21 Under A.R.S. § 13-1002(A) (2016), someone other than a peace officer “commits solicitation if, with the intent to promote or facilitate the commission of a felony or misdemeanor, such person commands, encourages, requests or solicits another person to engage in specific conduct which would constitute the felony or misdemeanor or which would establish the other’s complicity in its commission.” Wright was convicted of solicitation to commit child molestation under A.R.S. § 13-1410 (2016), which is committed by “intentionally or knowingly engaging in or causing a person to engage in sexual contact ... with a child who is under fifteen years of age.” Thus, the charges to which Wright pled required proof that he solicited another “to engage in specific conduct which would constitute the felony” of child molestation, meaning, sexual contact with a child under fifteen. A.R.S. §§ 13-1002(A) (emphasis added), - 1410.
¶ 22 But the conduct that Wright solicited the postal inspector to commit would not have constituted child molestation. As the State acknowledges, under § 13-1410, the crime of child molestation requires sexual conduct “with an actual child.” The “children” that Wright spoke about with the postal inspector were not real, but made-up. Thus, when Wright “command[ed], ... requested] or solicited]” the postal inspector to engage in sexual contact with the fictitious “children,” the sexual contact they discussed would not have “constituted the felony” of child molestation pursuant to § 13-1002(A) because no actual child was involved.
¶ 23 In urging this court to deny relief, the State overlooks the distinction between the crime of attempt, pursuant to A.R.S. § 13-1001 (2016), and the crime of solicitation, pursuant to § 13-1002(A). A person is guilty of attempt if, acting with the requisite intent, the person “intentionally engages in conduct which would constitute an offense if the attendant circumstances were as such person believes them to be.” A.R.S. § 13-1001(A)(1). Thus, a person who intends to molest someone he mistakenly believes is a child may be guilty of attempted child molestation. And the crime that person commits may be a second-degree dangerous crime against children pursuant to § 13-604.01(K). See State v. Carlisle, 198 Ariz. 203, 207, ¶ 17, 8 P.3d 391 (App. 2000) (“The absence of an actual victim under the age of fifteen does not preclude an attempted crime from being a dangerous crime against children”).
¶ 24 Contrary to the State’s contention, however, we may not sweep all “preparatory crimes” with the same broad brush. Attempt and solicitation are two separate crimes, with distinct elements. Carlisle did not address solicitation, which, by contrast to attempt, does not permit a conviction when the defendant solicits conduct that he mistakenly believes would constitute a crime. The State argues that solicitation is a preparatory crime that can constitute a second-degree dangerous crime against children, pursuant to § 13-604.01(K). That is true, but only so long as a defendant has committed solicitation. Arizona’s solicitation statute requires the defendant to solicit conduct that would actually constitute a crime; it does not allow a conviction for soliciting conduct that the defendant incorrectly believes would constitute a crime. To say simply that a solicitation is complete upon the solicitor’s request is to disregard the other elements of the crime of solicitation, which require solicitation of eon- *530 duct that actually would constitute another crime.
¶ 25 The history of § 13-1002 eliminates any doubt that the legislature meant to require that the object of a solicitation must be conduct for which one actually could be convicted. The legislature enacted Arizona’s solicitation statute in 1977 as part of a broad overhaul of the state’s criminal code. By and large, the legislature based its comprehensive revisions on the Model Penal Code. Rudolph J. Gerber, State Bar of Adzona, Criminal Law of Arizona, at vi (1978). In crafting the language of our solicitation statute, however, the legislature significantly departed from the language of the Model Code. The relevant section of the Model Code defined solicitation as follows:
A person is guilty of solicitation to commit a crime if with the purpose of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.
Model Penal Code § 5.02 (Am. Law Inst. 1962) (emphasis added).[2]
¶ 26 With only minor stylistic changes, Arizona’s solicitation statute is identical to the Model Code section—except with respect to the Model Code’s provision that one may be convicted of soliciting another to commit an “attempted” offense. While the Model Code expressly allows a conviction for soliciting conduct that would constitute an attempted crime, our legislature chose to omit that language when it enacted Arizona’s version of the offense. Our statute allows a conviction for soliciting another “to engage in specific conduct which would constitute the felony or misdemeanor,” but does not include the Model Code’s additional language that would make it a crime to solicit another to engage in conduct that would constitute “an attempt to commit such crime.” Given how closely our legislature otherwise chose to follow the Model Code’s definition of “solicitation,” its decision to omit the Model Code’s reference to an “attempt to commit such crime” must have been a deliberate choice to which we must give meaning. This is particularly true, given that the distinction between a solicitation and an attempt has long been known. See State v. Mandel, 78 Ariz. 226, 228, 278 P.2d 413 (1954) (“The general rule is that solicitation alone or mere preparation is not sufficient to sustain a conviction for an attempt to commit a crime.”).[3]
¶ 27 In sum, although I agree that solicitation to commit child molestation may constitute a dangerous crime against children, I dissent from the court’s decision to deny relief to Wright. Based on the facts in our record, because the “children” who were the object of Wright’s discussions with the postal inspector were not real children, his guilty pleas to the two counts of solicitation to commit child molestation lacked sufficient factual bases. Accordingly, my view is that *531 his remaining lifetime term of probation must be vacated. Cf. State v. Dean, 226 Ariz. 47, 52, ¶ 17, 243 P.3d 1029 (App. 2010) (“precedent suggests that a court must modify the period of probation if ... the period is found to be illegal or unauthorized by statute”); Jackson v. Schneider ex rel. County of Maricopa, 207 Ariz. 325, 383-84, ¶ 10, 86 P.3d 381 (App. 2004) (“fundamental error to prescribe a probationary term that exceeds the period permitted by statute”).

. With regard to solicitation to perform an act that would not constitute a crime, the commentary to the Model Code explains:
It ordinarily should not be necessary to charge an actor with soliciting another to attempt to commit a crime, since a rational solicitation would never seek an unsuccessful effort but always the completed crime; the charge, therefore, should be one of solicitation to commit the completed crime. But in some cases the actor may solicit conduct which he and the party solicited believe to be the completed crime, but which, for the kind of reasons discussed in connection with legal impossibility, does not in fact constitute the crime. Such conduct will constitute an attempt, and under the present section the actor will be liable for soliciting conduct which constitutes an attempt.
§ 5.02 cmt. 3(a) (Am. Law. Inst. 1962).

. I do not believe that the majority's reference to A.R.S. § 13—1006(B) (2016) bears on this analysis. That statute states, "It is not a defense to a prosecution for solicitation or conspiracy that the defendant is, by definition of the offense, legally incapable in an individual capacity of committing the offense that is the object of the solicitation or conspiracy.” As the title of the statute makes clear ("Effect of immunity, irresponsibility or incapacity of a parly to solicitation, conspiracy or facilitation”), under this rule, one may be convicted for soliciting a crime or participating in a conspiracy to commit a crime even though, because of immunity, irresponsibility or incapacity, one could not perform the crime himself. See, e.g., State v. Barragan-Sierra, 219 Ariz. 276, 282, ¶ 18, 196 P.3d 879 (App. 2008) (defendant prosecuted for conspiring with others to smuggle himself into country).