NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

JAMES M. ROCCO, *Appellee*.

No. 1 CA-CR 18-0697
FILED 3-17-2020

Appeal from the Superior Court in Maricopa County
No. CR2005-127149-001
The Honorable Nicole M. Brickner, Judge *Pro Tempore*

**AFFIRMED IN PART;
VACATED AND REMANDED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**G A S S,** Judge:

¶1         James M. Rocco (Rocco) motioned the superior court to strike global positioning system (GPS) monitoring as a term of probation. Rocco also moved to strike the state's untimely response. The state now appeals the superior court's orders granting both motions.

¶2         The superior court did not abuse its discretion by striking the state's response. The superior court, however, did not have jurisdiction to modify the terms of Rocco's plea agreement. Accordingly, the order granting Rocco's motion to strike GPS is vacated and the matter remanded for further proceedings consistent with this decision.

**FACTUAL AND PROCEDURAL HISTORY**

¶3         In September 2005, the state charged Rocco with kidnapping, a class two felony and dangerous crime against children; two counts of child molestation, class two felonies and dangerous crimes against children; resisting arrest, a class six felony; and two counts of contributing to the delinquency of a minor, class one misdemeanors.

¶4         On March 6, 2007, Rocco pled guilty to one count of attempted kidnapping, a class three felony and dangerous crime against children in the second degree, and two counts of attempted child molestation, class three felonies and dangerous crimes against children in the second degree. Under the plea, Rocco agreed to serve a term of imprisonment in the department of corrections and to be placed on "lifetime probation with sex offender terms." The plea agreement contained the following language:

> As a term and condition of probation the defendant shall be monitored by a global positioning system. Any interference with the monitoring device is punishable as a class 4 felony pursuant to ARS 13-3725.

¶5         On May 4, 2007, the superior court sentenced Rocco to a mitigated term of eight years' imprisonment followed by two concurrent terms of lifetime probation upon his release. Based on the plea agreement,

the superior court ordered GPS monitoring as a condition of lifetime probation. The superior court recited all the probation terms when it pronounced sentence, and provided the terms in writing to Rocco, which he signed. The superior court further informed Rocco of his right to seek review of the sentencing and provided Rocco with written notice of his right to post-conviction relief, which he also signed.

¶6            In September 2014, following his release from prison, Rocco began lifetime probation. After several Rule 11 and probation revocation proceedings, he was arrested for a petition to revoke probation issued in April 2018. The petition alleged Rocco failed to charge his GPS device as directed. After a contested probation violation hearing, the superior court found Rocco violated his probation and set a disposition hearing.

¶7            Before disposition, Rocco filed a "Motion to Strike GPS Monitoring," alleging the term was illegal on statutory and constitutional grounds. Rocco argued the superior court's original sentencing minute entry, and a September 2017 minute entry reinstating his probation, both contained an incorrect citation to A.R.S. § 13-3725, which criminalizes interference with a GPS monitoring device. Rocco further challenged the applicability of A.R.S. § 13-902(G) to him as violating constitutional prohibitions against *ex post facto* laws. Section 13-902(G) mandates GPS monitoring for probationers convicted of certain dangerous crimes against children and became effective in 2006—post-dating Rocco's offenses.

¶8            The state filed its response to Rocco's motion two days late. At the disposition hearing, Rocco orally moved to strike the state's untimely response. The state, without explanation, conceded the response was late but asked the superior court to consider it in "the interest of justice." The superior court granted Rocco's motion and struck the state's response.

¶9            Discussion then turned to the motion to strike GPS monitoring. The superior court asked if Rocco's counsel "believe[d] that the GPS when it was first imposed was something that wasn't supposed to be imposed at the original sentencing." When Rocco's counsel answered affirmatively, the superior court questioned whether post-conviction relief was the proper avenue for Rocco's motion. Without offering legal support, Rocco's counsel responded, "I don't think he is precluded from making this argument now simply because it wasn't raised in a [PCR] setting." The superior court did not again explore the post-conviction relief issue.

¶10           The superior court granted Rocco's motion, dismissed the petition to revoke, and vacated its prior violation ruling against Rocco. In

granting the motion, the superior court suggested the state's untimely response was dispositive, telling the parties its ruling "would go back to the sentencing, that's what the motion was for, and then the state filed its response late, so it was stricken."

**¶11**      The state moved for reconsideration, asking the superior court to excuse the untimely filing and reverse its ruling on the motion to strike GPS monitoring. The superior court denied the state's motion, finding the state failed to provide a "legitimate reason" for the untimely response. The state timely appealed. This court has jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4032(4).

## ANALYSIS

I.     The superior court did not abuse its discretion by striking the state's untimely response.

**¶12**      Rule 1.9(b) expressly gives the superior court discretion to "deem the motion submitted on the record" if no response is timely filed. Ariz. R. Crim. P. 1.9(b). This court reviews the superior court's application of Rule 1.9, and the denial of a motion for reconsideration, for abuse of discretion. *See Birth Hope Adoption Agency, Inc. v. Doe*, 190 Ariz. 285, 288 (App. 1997); *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009).

**¶13**      The state concedes its response was untimely. The record shows the state did not contact Rocco's counsel or the superior court, and did not file a request for relief from the deadline. In short, the state took no action to ensure the superior court would accept its late filing.

**¶14**      The state correctly notes Rocco demonstrated no prejudice from the two-day delay. Absence of prejudice, however, is not dispositive. *See State v. Vincent*, 147 Ariz. 6, 10 (App. 1985). Further, the state has not offered a reasonable explanation for its untimely response.

**¶15**      The state's motion for reconsideration said motion deadlines in "probation violation proceedings" are less stringent than those "at the pretrial level." The state offered only personal experience for this position. The state also said "it has long been the customary professional practice of the parties in probation violation matters to grant each other the courtesy of extensions" but again offered no support. Assuming the state's assertions are accurate, they do not explain why the state did not request an extension or otherwise act to ensure acceptance of its untimely response.

**¶16** Though the superior court's remedy was severe, it acted within its discretion to deem the motion submitted once it struck the state's late response. Ariz. R. Crim. P. 1.9(b). On appeal, this court will not substitute its judgment for the superior court's. This court, therefore, cannot say the superior court abused its discretion. *See Findlay v. Lewis*, 172 Ariz. 343, 346 (1992) (superior courts maintains broad discretion over the management of their docket).

II.     The superior court erred by granting Rocco's motion to strike the GPS monitoring term.

**¶17** Arizona Rule of Criminal Procedure 32.1 (2018), govern Rocco's post-conviction relief.[1] Grounds for seeking post-conviction relief included an unconstitutional or statutorily unlawful sentence. Ariz. R. Crim. P. 32.1(a), (c) (2018). This court reviews legal and constitutional issues *de novo*. *State v. Dann*, 220 Ariz. 351, 369, ¶¶ 94, 96 (2009).

      A.     The superior court did not have jurisdiction to modify the terms of Rocco's plea agreement.

**¶18** This court "independently review[s] as a matter of law the jurisdiction of lower tribunals that have made rulings in a case before us." *Decola v. Freyer*, 198 Ariz. 28, 31, ¶ 8 (App. 2000) (citation omitted). An order is "void if the court entering it lacked jurisdiction . . . over the subject matter." *State v. Cramer*, 192 Ariz. 150, 153, ¶ 16 (App. 1998).

**¶19** Absent an exception, notice of post-conviction relief based on an unconstitutional or statutorily unlawful sentence must be filed within ninety days after the entry of judgment and sentence.[2] Ariz. R. Crim. P. 32.4(a) (2018). "The time limits are jurisdictional, and an untimely filed notice or petition *shall* be dismissed with prejudice." A.R.S. 13-4234(G) (emphasis added); s*ee also State v. Lopez*, 234 Ariz. 513, 515, ¶¶ 7-9 (App. 2014) (untimely notice of post-conviction relief without an exception is time-barred by jurisdictional limitations regardless of the claim's "constitutional magnitude").

---

[1] Effective January 1, 2020, post-conviction relief procedures for defendants who pled guilty are in Rule 33. *See* Ariz. R. Crim. P. 33.1.

[2] Rule 33 expanded the time for review of a statutorily unlawful sentence from ninety days to "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B).

¶20 Rocco sought substantive post-conviction relief. Rocco's motion asserted the required GPS monitoring was unconstitutional and statutorily illegal. At the disposition hearing, Rocco argued the GPS monitoring term was illegally imposed at sentencing and continued in probation proceedings. The superior court, before granting Rocco's motion, even raised post-conviction relief and timing questions.

¶21 To challenge his original sentence or subsequent probation violation as illegal, Rocco's remedy lies in post-conviction relief procedures. *See* Ariz. R. Crim. P. 32.1(a), (c) (2018). He did not pursue those measures within the mandatory ninety days afforded him. As such, his constitutional and statutory claims were jurisdictionally time-barred. *See Lopez*, 234 Ariz. at 515, ¶¶ 7-9. Consequently, the superior court's order is void for lack of jurisdiction. *See Cramer*, 192 Ariz. at 153, ¶ 16.

      B.      The holding in *Dean* does not control the narrow review of specific facts involved here.

¶22 Neither Rocco nor the state focused on the jurisdictional issue with the superior court or in appellate briefs. Consequently, on January 24, 2020, this court ordered the parties to prepare to discuss it at oral argument. The state filed a response saying it had not raised the jurisdictional issue because of the holding in *State v. Dean*, 226 Ariz. 47 (App. 2010).

¶23 *Dean* was one of many cases based on the Arizona supreme court's decision in *Peek*. *See Dean*, 226 Ariz. at 49, ¶ 1 (citing *State v. Peek*, 219 Ariz. 182 (2008)). The *Dean* defendant's adult probation officer filed a Rule 27 motion to terminate probation. *Id.* at ¶¶ 3-4. The superior court determined the defendant's offenses fell within the *Peek* period. *Id.* Based on its findings, the superior court modified the lifetime probation term to five years. The state appealed. *Id.* at ¶ 4. *Dean* said Rule 27 permitted the probation officer to request "relief from the terms of probation . . . even if probationers themselves would be precluded from seeking relief under Rule 32." *Id.* at 51, ¶ 10. As a result, the superior court did not err in granting relief outside of Rule 32. *Id.* at 50-51, ¶¶ 9-10.

¶24 Here, this court is not reviewing a probation officer's Rule 27 motion following a significant Arizona supreme court holding concerning the legality of a sentencing law. Instead, Rocco brought his own motion challenging the constitutionality of his original sentence without a new and consequential legal precedent. In so doing, Rocco sought retroactive relief by arguing his sentence was illegal as a matter of first impression.

**¶25**        *Dean* also analyzed whether the state could have avoided *Peek* sentencing problems by narrowing the date range in its plea or seeking a different sentence, and if the state bore the burden of that error. *Id.* at 53-54, ¶ 20. In Rocco's case, the plea agreement terms are equally significant but lead to a different result. In the plea, both parties expressly acknowledged GPS monitoring as a mandatory term of probation. Rocco's dispute over the application of A.R.S. § 13-902(G) assumes the term was imposed only according to the statute. The record does not support his assumption.

**¶26**        The sentencing transcript shows the superior court did not mention § 13-902(G). The superior court did not say it applied to Rocco or served as the basis for his GPS monitoring. Further, the state did not assert GPS monitoring was imposed under § 13-902(G). The plea agreement does not reference the statute.

**¶27**        In *Dean*, the superior court held evidentiary hearings to determine whether the defendant fell within the *Peek* period. *Dean*, 226 Ariz. at 49, ¶ 4. Here, the superior court did not hold evidentiary hearings or issue findings regarding the basis of the GPS monitoring term. Without such a record, this court cannot resolve whether the term was imposed by plea agreement stipulation, statute, or subsequent court orders.

**¶28**        Both the state and Rocco invite this court to determine whether applying § 13-902(G) to Rocco violates constitutional *ex post facto* prohibitions. Because the jurisdictional issue is dispositive, this court expresses no opinion on those constitutional issues.[3] *See State v. Korzuch*, 186 Ariz. 190, 195 (1996) (cases should be resolved on non-constitutional grounds whenever "it is possible and prudent to do so"); *Progressive Specialty Ins. Co., v. Farmers Ins. Co.*, 143 Ariz. 547, 548 (App. 1985) (appellate courts should not give advisory opinions or decide questions not essential for resolution of the issues on appeal).

        C.     Analyzing Rocco's motion as a request to modify probation does not change the result.

**¶29**        Finally, this court recognizes its obligation to affirm the superior court's decision if it is legally correct for any reason based on the record. *See State v. Perez*, 141 Ariz. 459, 464 (1984). Accordingly, to the extent

---

[3] This court also expresses no opinion regarding whether Rocco may subsequently seek post-conviction relief, the merits of a future motion to modify Rocco's probation term under Rule 27.3, or the degree to which a modification may implicate the terms of his plea agreement.

Rocco's motion to strike GPS monitoring may be interpreted as a motion to modify probation, this court reviews the superior court's ruling for abuse of discretion. *Dean*, 226 Ariz. at 50, ¶ 7.

**¶30** The superior court has wide discretion to modify or revoke the terms of probation, but a "reasonable basis" must exist to do so because "those terms and conditions are fixed pending an event which constitutes a reasonable basis to change them." *Burton v. Superior Court*, 27 Ariz. App. 797, 800 (1977). Abuse of discretion occurs when the superior court's action is "manifestly unreasonable, or exercised on untenable grounds or for untenable reasons." *State v. Sandoval*, 175 Ariz. 343, 347 (App. 1993).

**¶31** The facts here do not support a reasonable basis to modify Rocco's probation by removing the GPS term. The superior court had recently issued a petition to revoke Rocco's probation and found he violated the GPS term. He was facing disposition for the violation when he filed his motion. The record shows Rocco had a history of non-compliance with the term. A decision to remove the term under Rule 27, therefore, would have constituted abuse of discretion. *See id*.

## CONCLUSION

**¶32** For the foregoing reasons, the superior court's order granting Rocco's motion to strike the GPS monitoring term is vacated. The petition to revoke and the finding Rocco violated his conditions of probation by failing to maintain his GPS monitoring device are reinstated. The matter is remanded for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA