NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

THOMAS BURRESS, *Appellee*.

No. 1 CA-CR 23-0253
FILED 01-18-2024

Appeal from the Superior Court in Navajo County
No. S0900CR202101484
The Honorable Jon H. Saline, Judge, *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Thomas Burress, Winslow
*Appellee*

Navajo County Attorney's Office, Holbrook
By Myles A. Braccio
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge James B. Morse Jr., and Judge Cynthia J. Bailey joined.

---

**F U R U Y A**, Judge:

¶1        The State of Arizona ("State") appeals the superior court's grant of Thomas Burress's request to leave the country while on probation. For the following reasons, we vacate the court's grant and remand.

## FACTS AND PROCEDURAL HISTORY

¶2        In January 2022, Burress entered a plea agreement to three counts of unlawful sexual conduct. The superior court accepted the agreement and imposed a sentence of standard probation with sex offender conditions for 15 years beginning in June 2022. The terms of probation prohibited Burress from leaving Navajo County and included restrictions on his contact with minors and those who have minor children.

¶3        On June 5, 2023, Burress filed two motions to modify probation, requesting permission to leave the country. In one motion, he requested "Emergency Permission" to leave the country on June 20 to propose to his girlfriend. He claimed the probation department did not tell him he needed to file a motion until June 2 despite him asking about the trip in February. In the other motion, Burress did not refer to a specific travel date but said the purpose of the trip was to propose to his girlfriend and "get [his] life back on track." Burress did not serve the State with his motions.

¶4        On June 9, four days after Burress filed the motions, the probation department objected, stating it cannot adequately supervise Burress or enforce probation terms while he is abroad. The same day, the court entered a final order granting Burress's request.

¶5        On June 12, the State appealed and moved to stay the order pending its appeal. On June 14, the court held a hearing on the State's motion to stay the order. The victim, the State, the probation department,

and Burress attended the hearing and had an opportunity to speak. The court stayed the order to prevent the appeal from becoming moot.[1]

**¶6**        This court has jurisdiction over the State's timely appeal under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4032(4).

## DISCUSSION

**¶7**        The State argues the superior court abused its discretion by granting Burress's request to leave the country and violated the State's due process rights. Without legal or record citations, Burress asserts international travel will support his rehabilitation and personal growth, but he does not respond to the State's arguments.

**¶8**        We review modifications of probation for abuse of discretion. *State v. Dean*, 226 Ariz. 47, 50 ¶ 7 (App. 2010). "The court . . . may modify . . . probation in accordance with the rules of criminal procedure at any time before the expiration or termination of the period of probation." A.R.S. § 13-901(C); *see also State v. Ray*, 209 Ariz. 429, 431 ¶ 5 (App. 2004). But before modifying probation, the court must "comply with case law and statutes, due process, and statutory limitations" and give "notice to the State, the probationer, and the probation department." Ariz. R. Crim. P. 27.3(b)(1). After receiving notice of the motion, a nonmoving party has ten days to respond. Ariz. R. Crim. P. 1.9(b).

**¶9**        Because Arizona Rule of Criminal Procedure ("Rule") 1.9(b) entitles the State to notice and ten days to respond to a motion for modification, the superior court erred by granting Burress's motion four days after it was filed and before the State responded. Thus, we vacate the order and remand for the court to comply with the rules by notifying the State, the victim, and the probation office and allowing ten days for the parties to respond.

**¶10**        The State also raises constitutional due process arguments and contends the court must consider certain standards in its decision to modify probation. However, because we resolve the issue based on statutes and rules, we need not address the constitutional issues. *See Goodman v.*

---

[1]        Although Burress's request to leave the country on June 20, 2023 is moot, his general request to leave the country at no specific date remains relevant. Thus, we address his motion to leave the country at some future date.

*Samaritan Health Sys.*, 195 Ariz. 502, 505 ¶ 11 (App. 1999) ("It is sound judicial policy to avoid deciding a case on constitutional grounds if there are nonconstitutional grounds dispositive of the case."). And because we vacate the modification and remand for further proceedings that will reasonably allow participation by the State, the victim, and the probation department, we decline to prematurely reach the merits of Burress's request to leave the country. *See Freeport McMoRan Corp. v. Langley Eden Farms, LLC*, 228 Ariz. 474, 478 ¶ 15 (App. 2011) ("[W]e do not issue advisory opinions or decide unnecessary issues.").

## CONCLUSION

**¶11**        We vacate the superior court's order modifying Burress's probation terms and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    TM