NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

THEODORE J. MONTGOMERY, *Appellee*.

No. 1 CA-CR 24-0532

FILED 07-31-2025

Appeal from the Superior Court in Maricopa County
No. CR2020-147804-001
The Honorable Rodney Mitchell, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Johnny Jacquez
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge Brian Y. Furuya joined.

_____

**P A T O N**, Judge:

¶1          The State of Arizona appeals the superior court's order reinstating Theodore J. Montgomery's probation term and adding a 146-day jail term as a condition of probation.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          In March 2021, Montgomery pled guilty to one count of aggravated assault under Arizona Revised Statutes ("A.R.S.") Section 13-1204(A)(2).  The plea agreement stipulated to supervised probation.  The superior court imposed a term of two years' supervised probation beginning June 1, 2021.

¶3          In March 2023, the probation department petitioned to revoke Montgomery's probation, alleging he violated his probation terms by committing four criminal offenses on March 12, 2023, among other things, which the court granted in September 2023.  In October 2023, the superior court found Montgomery violated the conditions of his June 2021 probation by committing new offenses.  The court reinstated Montgomery's probation but extended the probation term to three years, to begin on November 9, 2023.  The court also imposed a 90-day jail term with 151 days of credit, to begin on November 9, 2023.

¶4          In September 2024, the probation department again petitioned to revoke Montgomery's probation, alleging he violated three terms of his probation in August 2024.  Montgomery was arrested.  The superior court held a disposition hearing in September 2024, during which Montgomery admitted to violating a term of his probation by failing to attend anger management classes.  The court reinstated Montgomery's probation, this time for two years beginning June 2021 with a revised expiration date of February 5, 2025.  The court also imposed a 146-day jail term beginning September 12, 2024, and ending the same day his probation term was set to end.

¶5        The State timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Sections 12-120.21(A)(1), 13-4031, and 13-4032(4).

## DISCUSSION

¶6        The State argues the superior court can only revoke, modify, or continue probation, so the court erred by imposing "an entirely novel punishment" by reinstating Montgomery's probation but requiring him to remain incarcerated until the end of his probation term.  The State further contends that the superior court effectively terminated Montgomery's probation by requiring him to serve the rest of the June 2021 probation term in jail, and terminally disposing of Montgomery's probation is "not authorized by Arizona statutes, violates due process and victims' rights, and illegally modifies the plea agreement."[1]   According to the State, incarcerating  Montgomery for the remainder of his probation term, rather than revoking his probation and sentencing him under the sentencing range for a class three felony, amounts to an illegally lenient sentence.  *See* A.R.S. § 13-1204(A)(2).  Finally, the State contends that the superior court illegally modified the plea agreement by refusing to revoke or continue Montgomery's probation.

¶7        We review a superior court's probation disposition decision for an abuse of discretion.  *See State v. Dean*, 226 Ariz. 47, 50, ¶ 7 (App. 2010). The superior court has the authority to modify the original conditions of probation.  *State v. Gatlin*, 171 Ariz. 418, 421 (App. 1992).  But its power to impose probation is derived from statutory authority.  *State v. Lewis*, 226 Ariz. 124, 126, ¶ 8 (2011).

¶8        Under Section 13-901(C), the court "*may* modify or add to the conditions [of probation] or, if the defendant commits an additional offense or violates a condition, *may* revoke probation."   A.R.S. § 13-901(C) (emphasis added).  Thus, the court is not required to revoke probation upon a violation.  But if the court revokes probation, it "must pronounce sentence in accordance with Rule 26."  Ariz. R. Crim. P. 27.8(c)(2).  And a court may modify or revoke probation at any point before the probation term expires or terminates.  *See Dean*, 226 Ariz. at 51, ¶ 11; *see also State v. Contreras*, 180 Ariz. 450, 453 (App. 1994).  A court may also choose to add a condition of

---

[1] The court also reinstated Montgomery's three-year probation term that began in November 2023, but the State clarified it was not appealing that reinstatement.   We thus do not review the second probation term reinstatement on appeal.

probation to "require that the defendant be imprisoned in the county jail at whatever time or intervals, consecutive or nonconsecutive, the court shall determine, within the period of probation, as long as the period actually spent in confinement does not exceed one year or the maximum period of imprisonment allowed under chapter 7 of [Title 13], whichever is the shorter." A.R.S. § 13-901(F).

**¶9** The State argues that "when a [superior] court revokes probation, it must impose a term of incarceration based on the underlying conviction." This is true under Arizona Rule of Criminal Procedure 27.8(c)(2), but the superior court did not revoke Montgomery's probation here.[2] Rather, at the September 2024 disposition hearing, the court reinstated Montgomery's two-year probation term that had started in June 2021, with a revised term of three years to end on February 5, 2025. This was within the court's authority under Section 13-901(C) because the court modified his probation by extending it and adding a 146-day jail term as a condition of probation.

**¶10** The State argues that the superior court's imposition of a 146-day jail term to end on the same day his probation ended "granted Montgomery the windfall of ending his probation with a brief jail term." But as previously discussed, the court is authorized to modify the terms of Montgomery's probation by reinstating and revising its length and conditions to include the 146-day jail term. *See* A.R.S. § 13-901(F). And a 146-day jail term falls within Section 13-901(F)'s permitted length because it was under one year. *See id.*

**¶11** Finally, we address the State's argument that the court violated the plea agreement by reinstating Montgomery's probation. The plea agreement provided that if Montgomery "fails to abide by the conditions of community supervision, [he] *can be* required to serve the remaining term of community supervision in prison." (emphasis added). The agreement does not, however, stipulate that the court *must* sentence Montgomery to prison if he violates his probation, nor does it specify the

---

[2] In the superior court's supplemental disposition report filed on September 19, 2024, the clerk wrote that Montgomery's probation was revoked. This contradicts the court's statements at the disposition hearing, during which the court stated it was reinstating Montgomery's probation. But the oral pronouncement of a sentence prevails over a written entry. *See State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013) (holding that an oral pronouncement of a sentence in open court controls over a written minute entry).

length of his probation term. *Cf. State v. Rutherford*, 154 Ariz. 486, 488-89 (App. 1987). In the absence of a mandate, reinstatement was left to the court's discretion. *See* A.R.S. § 13-901(C).

¶12　　　We discern no error.

## CONCLUSION

¶13　　　We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　JR